IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Cr. No. 23-0201-WJ |
| | ) |
| DANNY BACA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**<u>UNITED STATES' RESPONSE TO DEFENSE MOTION TO STRIKE</u>**

The United States is in receipt of defendant Danny Baca ("Defendant")'s motion to strike the government reply regarding the recent order setting conditions of release, Doc. 73. Defendant's motion was filed on a Sunday evening before the first business day after briefing on the United States' motion was completed. In his instant motion, Defendant requests this Court strike from the record a filing by the United States, but does not invoke any authority supporting such a remedy. *See* D.N.M.LR-Cr. 47.7 ("Citation of Authority"). The Court should deny the motion.

In this motion to strike, Defendant, having declined to set forth any analysis as to why this Court should find that conditions of release can sufficiently safeguard the community and assure his appearance at court hearings, claims "Mr. Baca is left completely without an opportunity to properly Respond…." Doc. 73, p. 2. That is false. Though Defendant could have set forth any 18 U.S.C. § 3142 analysis in his original motion for release, and did not, he could also have done so in his response to the United States' appeal of the order releasing him, and did not. Beyond that, Defendant could have requested the leave of this Court to file a Sur-Reply to the government's Reply on the subject. *See* D.N.M.LR-Cr. 47.8(b). Generally, one files a proposed Sur-Reply as an exhibit to the motion requesting leave to file the Sur-Reply, but that is not required by the rule. But Defendant has not done any of those things here.

It is possible that Defendant lacks familiarity with the local rules and the possibility of filing a Sur-Reply. It is also possible that Defendant knows about that possibility, but does not want to pursue it because he does not have any reasonable substantive arguments to make. The Court need not resolve that mystery; it does not matter. What matters is the magistrate's order releasing Defendant from custody lacks any 18 U.S.C. § 3142 analysis regarding flight risk or danger, is contrary to the Pretrial Services Recommendation without explaining why, and fails to address either the weight of the evidence or the presumption of detention applicable here per both 18 U.S.C. § 3142(e)(3)(A) and (B).

The government's emergency motion was filed immediately after publication of the magistrate's untimely order, which had deprived the United States of the time the local rules grant litigants to file responses. Defendant had three opportunities, as described above, to set forth his 18 U.S.C. § 3142 analysis if he had any. This Court should decline Defendant's invitation to curtail its own record and deprive itself of the legal analysis with which it has been presented to assist it in deciding the current appeal and emergency request for stay.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Filed electronically March 10, 2024*
PAUL MYSLIWIEC
NORA WILSON
Assistant United States Attorneys
201 3rd St. NW, Suite 900
Albuquerque, NM 87103
505-346-7274

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document electronically through the CM/ECF system. Pursuant to the CM/ECF Administrative Procedures Manual, §§ 1(a), 7(b)(2), such filing is the equivalent of service on parties of record.

*Electronically filed March 10, 2024*
PAUL J. MYSLIWIEC
Assistant United States Attorney